United States Courts
Southern District of Texas
FILED
November 22, 2021
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Criminal No. **4:21-cr-555** |
| ABDUL FATANI, | § § | |
| Defendant. | § § | |

## INFORMATION

THE UNITED STATES CHARGES:

### GENERAL ALLEGATIONS

At all times material to this Information, unless otherwise specified:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly

payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

## The Defendant, Related Entity and Individual

5. Defendant **ABDUL FATANI** ("**FATANI**") was a resident of Richmond, Texas and was the owner of Route 786 USA Inc. ("Route 786"), a Texas corporation.

6. Amir Aqeel ("Aqeel") was a resident of Houston, Texas, and was a business associate of **FATANI.**

## COUNT ONE
### (18 U.S.C. § 371 - Conspiracy)

7. Paragraphs 1 through 6 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

8. Beginning in or around June 2020, and continuing until in or around October 2020, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**ABDUL FATANI**

knowingly and willfully, that is, with the intent to further the objects of the conspiracy, conspired and agreed with Amir Aqeel and other individuals, known and unknown to the United States, to commit certain offenses against the United States, namely: to knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

9. It was the purpose of the conspiracy for **FATANI** and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for PPP loans and (b) laundering the proceeds from the PPP loans in order to conceal and disguise the true nature and source of the loan proceeds.

## MANNER AND MEANS OF THE CONSPIRACY

10. The manner and means by which **FATANI** and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

16. **FATANI** had previously asked for Aqeel's assistance with a loan and provided Aqeel with information about his business, Route 786. **FATANI** knew that Route 786 did not have any employees.

17. Aqeel and others applied for a PPP loan on behalf of Route 786. The PPP loan application contained false and fraudulent representations as to Route 786's number of employees and average monthly payroll. The false and fraudulent PPP loan application on behalf of Route 786 was submitted via the use of interstate wires to a participating SBA approved lender that authorized a PPP loan in the amount of approximately $511,250. The $511,250 in PPP loan funds was deposited into a bank account in the name of Route 786.

18. As part of the scheme, **FATANI,** Aqeel, and others agreed to and did launder PPP loan funds that were obtained via the fraudulent PPP loan applications by writing checks to fake employees.

19. In furtherance of the scheme, Aqeel directed **FATANI** to write numerous checks from the Route 786 account in which the PPP loan funds were deposited to fake employees. Aqeel provided the names of the fake employees to **FATANI**. None of these employees—whose names were provided by Aqeel—ever worked for Route 786.

20. In total, **FATANI** provided approximately 50 checks to Aqeel, which facilitated the laundering of approximately $158,000 in fraudulently obtained PPP loan funds.

## OVERT ACTS

21. In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Houston Division of the Southern District of Texas and elsewhere, at least one of the following overt acts, among others:

22. On or about June 5, 2020, approximately $511,250 in PPP loan funds were disbursed by an SBA approved lender into a bank account in the name of Route 786.

23. On or about June 30, 2020, **FATANI** sent a WhatsApp message to Aqeel with an image of 13 checks from the Route 786 account and each check listed "payroll" as the purpose of

the payment.

24. On or about July 2, 2020, **FATANI** sent a text message to Aqeel asking, "Can I drop checks now?"

25. On or about July 2, 2020, **FATANI** put fake payroll checks under Aqeel's office door.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

26.	Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice that upon the defendant's conviction of Count One of this Information, the United States will seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy.

27.	The United States also gives notice that it will seek a money judgment against the defendant.

28.	In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendant up to the amount of the money judgment.

Jennifer Lowery
Acting United States Attorney
Southern District of Texas

Joseph S. Beemsterboer
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: *Rodolfo Ramirez*
Rodolfo Ramirez
Assistant United States Attorney
Southern District of Texas
RRamirez3@usa.doj.gov
(713) 314-6024

Della Sentilles
Louis Manzo
Trial Attorneys
Criminal Division, Fraud Section
Della.Sentilles@usdoj.gov
(202) 445-8793 (Sentilles)